ARNOLD et al. v. GENSLINGER.

(City Court of New York, General Term.   May 29, 1897.)

WORK AND LABOR—VALUE—CONTRACT WITH THIRD PERSONS.

In an action° for the value of services, the price fixed for services rendered by plaintiff to third persons cannot be considered in determining such value.

Appeal from trial term.

Action by Lemuel H. Arnold and others against Charles H. Genslinger. From a judgment on a verdict for plaintiffs, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

A. C. Smith, for appellant.

F. H. Ludlow, for respondents.

O'DWYER, J.   This action was brought to recover the value of professional services alleged to have been rendered for the defendant at his request.   The plaintiffs claimed that the services rendered by them prior to the 30th day of January, 1895, were of the value of, and reasonably worth, the sum of $500.   As to the first item, the defense made by the defendant was:   First, that the services rendered were rendered either under the employment of the Piqua Club, or of one Henry Edwards; and, second, that the plaintiffs had agreed to receive their compensation only out of the proceeds of certain promissory notes, when paid, and that said notes had not been paid.   And, as to the second, the value of the services was put in issue.   There was a sharp conflict between the parties upon the questions in issue, and they were properly left for the jury to determine.

Exceptions were taken at the trial by the appellant to the refusal of the judge to dismiss the complaint on the ground that the plaintiffs' cause of action was against the Piqua Club or against Henry Edwards.   Whether plaintiffs were employed by the defendant or by the Piqua Club was in issue upon conflicting evidence, and was properly left to the jury to decide.

Defendant also excepted to the refusal of the court to charge the jury that, in estimating the value of the plaintiffs' services, the jury had a perfect right to compare the services rendered in this particular transaction with the price which was fixed for the whole year's services to the club.   It is sufficient to say, in answer to this request, that there was no evidence showing what such services were to the club, and therefore no basis on which a comparison could be made; and, further, the question for the jury to determine was the reasonable value of the services rendered, without regard to the value of the other services rendered to a stranger to the action.

The judgment and order appealed from should be affirmed, with costs.   All concur.